UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGINA HEISLER, AS THE EXECUTRIX OF THE SUCCESSION OF FREDERICK P. HEISLER | CIVIL ACTION |
| | NO. 21-cv-0724 |
| v. | SECTION E |
| KEAN MILLER LLP, GIROD LOANCO, LLC, GIROD REO, LLC, | JUDGE SUSIE MORGAN |
| | MAGISTRATE MICHAEL NORTH |

## MEMORANDUM IN SUPPORT OF MOTION FOR
## SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Defendants, Girod LoanCo, LLC ("LoanCo") and Girod REO, LLC ("REO") (together, "Girod") submit this Memorandum in Support of their Rule 11 Motion for Sanctions (the "Motion") against Plaintiff, Regina Heisler ("Heisler") in her capacity as the executrix of the Succession of Frederick P. Heisler, and Heisler's counsel, Henry L. Klein ("Klein"). The Complaint violates Federal Rule of Civil Procedure 11 ("Rule 11"). By violating Rule 11, the Complaint also violates Louisiana Rules of Professional Conduct 3.1 and 3.3, and Local Rule 82.2.3. The claims and factual allegations asserted by Klein (allegedly on Heisler's behalf) are false, lack evidentiary and legal support, are barred by federal law, and have been repeatedly denied by state and federal courts. Accordingly, the Court should grant the Motion, dismiss the Complaint with prejudice, and sanction Klein by requiring him to pay Girod's attorneys' fees, at a minimum.

## BACKGROUND

This civil action is the latest in a series of civil actions between Girod and Heisler (both individually and in her capacity as Executrix for the Succession of Frederick P. Heisler, hereinafter the "Heisler Succession"), with Heisler always represented by Klein. A brief history of those civil actions and events in Heisler's pending bankruptcy case will explain why sanctions are appropriate in this case.

### A. The Foreclosure Lawsuit & Heisler Bankruptcy.

In March 2019, LoanCo filed an executory process foreclosure proceeding in state court against Heisler, individually and as Executrix of the Heisler Succession, styled as *Girod LoanCo, LLC v. Regina B. Heisler, Individually and as Succession Representative/Executrix of the Succession of Frederick P. Heisler*, No. 793-014 "D", 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (the "Foreclosure Lawsuit"). The Foreclosure Lawsuit sought to seize and sell two (2) parcels of immovable property owned by Heisler and the Heisler Succession to satisfy, in whole or in part, amounts owed to Girod under six (6) promissory notes executed by Heisler, individually and as Executrix of the Heisler Succession (collectively, the "Heisler Notes"), in favor of First NBC Bank ("FNBC"). These properties were: (1) a portion of a shopping center located at 4041 Williams Boulevard in Kenner, Louisiana ("4041 Williams") and (2) a small office building and adjacent parking lot located at 836-844 Baronne Street in New Orleans, Louisiana ("844 Baronne"). The promissory notes and mortgages pledging 4041 Williams and 844 Baronne, along with all other related contracts between Heisler, the Heisler Succession, and FNBC, were sold and assigned to LoanCo effective November 13,

2017 by the Federal Deposit Insurance Corporation ("FDIC") in its capacity as Receiver for FNBC.[1]

The properties at 4041 Williams and 844 Baronne were seized in 2019 by the Sheriffs of Jefferson and Orleans Parishes, respectively. Prior to the Sheriff's sale of either 4041 Williams or 844 Baronne, Heisler (acting through Klein) tried various procedurally incorrect methods to delay and derail the Foreclosure Lawsuit. These action included two improper removals to this Court (Section G), with the second removal resulting in an order finding that Heisler (acting through Klein) did not have "an objectively reasonable basis" for the removal, but instead removed the case so Klein could avoid a contempt hearing in state court.[2] Chief Judge Brown remanded the case and awarded attorneys' fees to LoanCo.[3]

In addition to the removals, Klein also filed multiple exceptions and motions seeking to have the Foreclosure Lawsuit dismissed, the seizure lifted, and/or the state-court judge recused, all without success. *See, e.g.,* August 10, 2020 Order and Reasons rendered in the Foreclosure Lawsuit, attached hereto as **Exhibit 2**; January 2, 2020 Motion to Vacate Order of Executory Process, Peremptory Exception of No Right of Action, Request for

---

[1] *See* April 28, 2017 Order in *In re First NBC Bank, New Orleans, LA, a Louisiana Bank*, No. 17-4057, Civil District Court for the Parish of Orleans, State of Louisiana, attached hereto as **Exhibit 15**.

[2] *See* "Order and Reasons", Docket No. 17, in *Girod LoanCo, LLC v. Regina B. Heisler*, Civ. No. 19-13150, in the United States District Court for the Eastern District of Louisiana, attached as **Exhibit 17**.

[3] *See id.* at Docket No. 21.

4817-8037-1690 v7

Expedited Hearing and Motion to Dismiss filed by Heisler in the Foreclosure Lawsuit, attached hereto as **Exhibit 3**. Klein's arguments in support of these motions and exceptions include the same principal allegation presented in the Complaint – that LoanCo has no right to appear before any Louisiana court because it did not register to do business with the Louisiana Secretary of State before seeking to collect on the Heisler Notes acquired from the FDIC (the "No-Registry Argument"). *See, e.g.,* Exhibit 3, Exhibit 18, pp. 2, 10. The 24th Judicial District Court for the Parish of Jefferson expressly rejected the No-Registry Argument. The Louisiana Fifth Circuit Court of Appeal also expressly rejected the No-Registry Argument, as discussed later in this memorandum. The Louisiana Supreme Court and the United States Supreme Court declined to consider Heisler/Klein's requests for appellate review of lower court decisions rejecting the No-Registry Argument.

After numerous hearings on meritless motions and exceptions filed by Klein in the 24th Judicial District Court, the property at 4041 Williams was sold by the Jefferson Parish Sheriff to REO at public auction on October 9, 2019.[4] The property at 844 Baronne was scheduled for Sheriff's sale, after several delays, on August 27, 2020. The sale was stayed by virtue of 11 U.S.C. § 362(a) on the morning of the sale when Heisler (individually) filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Heisler Bankruptcy").[5]

---

[4] *See* Procès-Verbal to REO issued by the Jefferson Parish Sheriff's Office, attached hereto as **Exhibit 4**.

[5] *See In re Regina Berglass Heisler*, No. 20-11509, United States Bankruptcy Court for the Eastern District of Louisiana.

4

The Heisler Bankruptcy was converted to a Chapter 7 (liquidation) proceeding in September 2020 and is currently being administered by the Chapter 7 Trustee, Wilbur J. "Bill" Babin, Jr. (the "Chapter 7 Trustee"). As the trustee for the Heisler Bankruptcy, the Chapter 7 Trustee is obligated to gather and reduce to money property of Heisler's Bankruptcy Estate (the "Estate"). *See* 11 U.S.C. § 704(a). The Chapter 7 Trustee recently sold 844 Baronne to REO pursuant to 11 U.S.C. § 363(f) with the approval of the Bankruptcy Court. *See* ECF No. 322 in the Heisler Bankruptcy.

### B. The Schwab Concursus Action.

LoanCo and Heisler (solely in her individual capacity) were the only two defendants/competing claimants in a state court concursus proceeding pending in the Civil District Court for the Parish of Orleans (the "CDC") styled as *Charles Schwab & Co., Inc. v. Girod LoanCo, LLC and Regina B. Heisler*, No. 2018-4693 "N" (the "Schwab Concursus Action"). The Schwab Concursus Action was initiated by Charles Schwab & Co., Inc. ("Schwab") in May 2018 to seek judicial resolution for competing claims of ownership to proceeds of a now-liquidated brokerage account at Schwab (the "Funds") in the name of Heisler (individually). LoanCo claimed the Funds by virtue of its status as owner and holder of a promissory note originally given by Heisler to FNBC[6] and a control agreement granting FNBC control and collateral rights in the Schwab account and its proceeds. The FDIC, as Receiver for FNBC, sold and assigned the promissory note, control agreement,

---

[6] The promissory note litigated in the Schwab Concursus Action was given only by Heisler in her individual capacity and is not among the "Heisler Notes" involved in the Foreclosure Lawsuit.

4817-8037-1690 v7

and all other related contracts and agreements to LoanCo effective November 13, 2017. Heisler claimed the Funds by virtue of her ownership of the Schwab account; she argued that the promissory note and security interest were either invalid or invalidly assigned. She also asserted the same No-Registry Argument discussed above.

The CDC (Hon. Ethel S. Julien) granted LoanCo's Motion for Summary Judgment in the Schwab Concursus Action, finding LoanCo had the superior claim to the Funds. LoanCo's Motion for Summary Judgment attached copies of the promissory note and control and security agreements executed by Heisler and argued that Heisler's claims and defenses were barred by federal law and were released by Heisler in September 2018. A copy of LoanCo's Motion for Summary Judgment is attached hereto as **Exhibit 5**. The CDC entered a "Final Judgment" in the Schwab Concursus Action on September 5, 2019. A copy of the Final Judgment is attached hereto as **Exhibit 6**.

Heisler and Klein were able to delay Girod's receipt of the Funds by removing the Schwab Concursus Action to this Court (Section G) post-judgment. After remand, Heisler's deadline to appeal the Final Judgment expired shortly before Heisler filed the petition for relief that initiated the Heisler Bankruptcy. The Funds, currently totaling approximately $2.1 million, remain in the CDC Registry.

In March 2021, the Chapter 7 Trustee filed a motion in the Heisler Bankruptcy seeking authority from the Bankruptcy Court to compromise the claims and defenses at issue in the Schwab Concursus Action with LoanCo. The Chapter 7 Trustee negotiated a resolution of any and all claims the Estate may have against LoanCo, including any claim to the Funds, in exchange for a payment of $21,000 by LoanCo to the Estate to use to pay

administrative expenses and junior creditors of the Estate. The Bankruptcy Court entered an order allowing the compromise on May 11, 2021. *See* ECF No. 339 in the Heisler Bankruptcy.

### C. The Succession Case.

LoanCo and Heisler are also parties to a civil action filed by Heisler within the Heisler Succession (the "Succession Case").[7] Heisler's petition in the Succession Case sought an injunction against LoanCo and a declaratory judgment barring LoanCo from enforcing the promissory notes that were already at issue in the Foreclosure Lawsuit and Schwab Concursus Action. The CDC granted LoanCo's Exception of *Lis Pendens* and signed its "Judgment" dismissing Heisler's Petition on January 2, 2020. Rather than appeal the Judgment, Heisler sought a writ, multiple times, from the Louisiana Fourth Circuit Court of Appeal. Heisler did not limit her request to supervisory review of the CDC's Judgment. She also requested "Declaratory Judgments" from the Louisiana Fourth Circuit Court of Appeal, including a declaration that LoanCo has no right to appear before any Louisiana court and that LoanCo is not a recognizable party under the Louisiana Code of Civil Procedure, among other requests. *See* Writ Application in No. 2020-C-0074 (requesting a peremptory exception of no right of action), attached hereto (without exhibits) as **Exhibit 7**. The Louisiana Fourth Circuit Court of Appeal denied all of Heisler's writ applications, as did the Louisiana Supreme Court.

---

[7] *See Succession of Frederick P. Heisler*, No. 2007-3249, Civil District Court for the Parish of Orleans, State of Louisiana.

Heisler (through Klein) sought relief from the United States Supreme Court after the Louisiana Supreme Court denied her last writs arising from the Foreclosure Lawsuit and the Succession Case. *See* Petition for Certiorari in No. 20-1361 before the United States Supreme Court, attached hereto as **Exhibit 8** (without exhibits).[8] The Petition for Certiorari repeats baseless ethical allegations against the state-court judge in the Foreclosure Lawsuit that were shown to be false and misleading in lower court filings. Those allegations are referenced in the Complaint by referring to the judge presiding over the Foreclosure Lawsuit as a judge "comprised beyond cavil." Complaint, ¶ 46. The Petition for Certiorari also included the same No-Registry Argument alleged in the Complaint, the Foreclosure Lawsuit, and the Schwab Concursus Action. The United States Supreme Court denied Heisler's Petition for Certiorari on April 26, 2021, and denied her Petition for Rehearing on June 7, 2021.[9]

As shown above, the core allegations and arguments in the Complaint have been presented to multiple state and federal courts in the past, and have been rejected by each court to consider them. Nonetheless, Klein and Heisler continue to make these baseless arguments, causing unwarranted expense and harassment to Girod.

---

[8] Girod omits the two supplemental briefs, the petition for rehearing, and supplemental briefs to the petition for rehearing.

[9] *See* January 7, 2021 Letter from Clerk of the Supreme Court, and Supreme Court Docket, attached as **Exhibit 9**.

4817-8037-1690 v7

## **LAW AND ARGUMENT**

Rule 11 imposes three affirmative duties on a litigant or attorney when s/he signs any pleading, motion, or other document:

1) that the attorney has conducted a reasonable inquiry into the facts which support the documents;
2) that the attorney has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument for the extension, modification, or reversal of existing law; and
3) that the motion is not interposed for purposes of delay, harassment, or increasing the costs of litigation.

*Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 874 (5th Cir. 1988). The purpose of Rule 11 is "to deter baseless filings in district court and thus, . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). Compliance with these duties is measured under an objective standard of reasonableness under the circumstances. *See Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (citing *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994)). "Compliance with these affirmative duties is measured as of the time that the document is signed." *Childs*, 29 F.3d at 1024. Once a violation is established, Rule 11 mandates the application of sanctions. *Thomas*, 836 F.2d at 876.

### A. The Allegations of the Complaint Violate Rule 11.

### 1. The Factual Allegations Regarding REO are False, and Klein Knew They Were False When He Filed the Complaint.

Klein signed the Complaint initiating this civil action on or about April 8, 2021. When Klein signed the Complaint, he knew that that the factual allegations in the

Complaint did not have evidentiary support, and were not likely to have evidentiary support after further investigation. *See* Rule 11(b)(3). In fact, Klein (and Heisler, through her attorney) knew that material allegations of fact in the Complaint are false and are contradicted by indisputable public records provided to them before the Complaint was filed.

For example, the Complaint alleges REO was "created on November 2, 2019 after it was deeded 4041 Williams Boulevard" and that REO is "a vulture fund created by KEAN-MILLER after-the-fact." *See* Complaint, at ¶¶ 9, 46. The Complaint alleges that when the procès verbal confirming the sale was recorded on October 26, 2019, the buyer, REO, "did not exist at the time," i.e., on October 26, 2019. Those allegations are key factual predicates to the Complaint's first request for relief, "Clawing Back the Kenner Shopping Center." Complaint, p. 17. The Complaint contends that the Court should nullify the Sheriff's sale of 4041 Williams because the buyer, REO, did not exist at the time of the sale.

The Complaint's allegations about REO are false, and Klein knew they were false when he filed the Complaint.  REO is a Delaware limited liability company. The exact date of REO's formation, and other facts about its corporate history, are readily available from the Delaware Secretary of State through a free online search engine.[10] If Klein had checked

---

[10] *See, e.g,* free website search at:
https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx.

4817-8037-1690 v7

the Delaware Secretary of State's web page before filing the Complaint, he would have readily seen that REO was formed on April 7, 2017.[11]

Klein did not need to check a website, however, because Girod provided him with a copy of certified records from REO's corporate history just a few weeks before he filed the Complaint. On March 17, 2021, three weeks before Klein filed the Complaint, Girod filed in the Heisler Bankruptcy, and served on Klein, its *Opposition to Motion to Vacate Oral Order on February 24, 2021 Filed by Henry L. Klein*, a copy of which is attached hereto as **Exhibit 11** (the "Opposition"). The Opposition responds to a motion that Klein filed in the Heisler Bankruptcy making the same false allegations about REO's corporate existence that are asserted in the Complaint. The Opposition's Exhibit 2 is a certified copy of a Certificate of Amendment on file with the Delaware Secretary of State memorializing that a company formerly known as "TAO Delaware 2017 SCV, LLC" changed its name to "Girod REO, LLC" as of November 7, 2017, almost two full years before REO purchased 4041 Williams. *See* Exhibit 11-2. Klein received the Certificate of Amendment three weeks before filing the Complaint, yet he chose to disregard it.

The Fifth Circuit has developed a series of factors to consider in determining whether an attorney made a reasonable inquiry into the facts under Rule 11, including:

    1. the time available to the signer for investigation;

    2. the extent of the attorney's reliance upon his client for the factual support for the document;

    3. the feasibility of pre-filing investigation;

---

[11] *See* **Exhibit 10** hereto, copy of "Name Search" results for "GIROD REO."

4. whether the signing attorney accepted the case from another member of the bar or forwarding attorney;

5. the complexity of the factual and legal issues; and

6. the extent to which development of the factual circumstances underlying the claim requires discovery.

*Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1026 (5th Cir. 1994) (citing *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 875 (5th Cir. 1988)).

To say that Klein failed to conduct a "reasonable inquiry" about REO's corporate formation—a factual allegation at the heart of his contention that the Sheriff's Sale to REO should be voided—is too mild to be accurate. Klein knows the factual allegation is false, but be made it anyway and he refused to withdraw it despite an opportunity to do so. *See* Exhibit 1 (Rule 11 Letter). Klein made this same false allegation about REO in state-court proceedings and most recently in the Bankruptcy Court earlier this year. Girod's Opposition explained why that allegation was factually wrong. Girod provided Klein with a copy of a certified record from the Delaware Secretary of State conclusively establishing that Klein's allegation about REO was untrue. Three weeks later, Klein repeated the false allegation to this Court in the Complaint and continues to repeat the knowingly false allegations. *See* Heisler's "Supplement to Request for 28 U.S.C. § 636 Reference to Magistrate-Judge North" filed June 11, 2021 in this civil action, ECF Doc. No. 31. The Court should take action to curb such conduct.

2. **Klein Failed to Make a Reasonable Inquiry Into the Applicable Law Before Filing the Complaint.**

Klein's legal contentions in the Complaint include that the Sheriff of Jefferson Parish "*backdated* the deed to October 9" and "illegally caused a *procès-verbal* deed to be executed after the case was removed to federal court and recorded it in the Public Records on October 26, 2019. . . ." *See* ¶¶ 9, 50 (emphasis in original). These allegations are contrary to statutory law about Sheriff's sales and other legal auctions and warrant sanctions. *See Marceaux v. Lafayette City Parish Consol. Government*, 614 Fed. Appx. 705 (5th Cir. 2015) (affirming award of sanctions under Rule 11 for filing obviously deficient claims not warranted by law and filing for improper purpose of causing unnecessary delay and needlessly increasing cost of litigation).

It is indisputable that under Louisiana law, the purchaser at a judicial sale becomes the owner at the time of the adjudication. *See* La. R.S. §§ 9:3158 ("This adjudication is the completion of the sale; the purchaser become the owner of the article adjudged . . . ."), 3167 (providing that statutes for public sales apply to judicial sales). That the buyer becomes the owner of the thing adjudicated at the time of the public sale has been the law since at least the 1830s. *See Canal Bank v. Copeland*, 6 La. 543, at *5 (1834) ("The sale was complete by the adjudication and the land became the property of the defendant; but the law requires an act of sale or written evidence of the contract, and the purchaser has a right to require such a conveyance as will truly show what he bought, and the conditions of the sale."); *see also Etta Contracting Co. v. Bruning*, 134 La. 48, 63 So. 619 (La. 1913) ("The adjudication [says the law] is the completion of the sale; the purchaser becomes the

4817-8037-1690 v7

owner of the article adjudged . . . ." (citing then-Civil Code article 2608), *and* "Nothing is better settled than that the adjudication is of itself, and before anything else is done, the completion of the sale; and that either party has a right of action to compel the other to carry out the contract." (string citation omitted)).

The 4041 Williams property was sold at a Sheriff's sale that occurred on October 9, 2019. The Sheriff's procès verbal correctly recites October 9, 2019 as the date of the sale because that was the date on which REO became the owner of the thing sold, *i.e.*, 4041 Williams. A procès verbal reciting any other date would have been inaccurate.

Klein did not need to do any research on his own to find the applicable law. These statutes were provided to Klein in the Opposition, which was served on him three weeks before he filed the Complaint. Klein disregarded his obligations under Rule 11 by filing a Complaint alleging legal theories directly contrary to well-settled statutory law cited to him just weeks earlier. This Court should not tolerate Klein's cavalier—and legally incorrect—allegations that the Jefferson Parish Sheriff acted "illegally." The Sheriff's office, Girod, and REO all carefully followed statutory law in conducing the sale of 4041 Williams. Rule 11 sanctions are warranted.

### 3. The Complaint Asserts Allegations Previously Denied by State and Federal Courts.

The Complaint continues Heisler/Klein's oft-repeated No-Registry Argument: that LoanCo has no right to collect on the notes and mortgages assigned to it by the FDIC because LoanCo did not register to do business in Louisiana, allegedly violating La. R.S. § 12:1354(A) and *Henson v. Santander Consumer USA*, 582 U.S. ____ (2017). *See*

14

Complaint, at ¶¶ 9, 18-20. Klein has presented this argument to every state and federal court before which Girod and Heisler/Klein have appeared. Every court, including the CDC, the 24th Judicial District Court, the Louisiana Fourth Circuit Court of Appeal, the Louisiana Fifth Circuit Court of Appeal, the Louisiana Supreme Court, and most recently the United States Supreme Court have rejected this argument or refused to consider it.

In fact, the Louisiana Fifth Circuit Court of Appeal specifically found that LoanCo had standing to proceed in the Foreclosure Lawsuit "pursuant to La. R.S. 12:1343, which allows a foreign limited liability company to secure or collect debts or enforce any rights in property securing the debts without obtaining a certificate of authority from the secretary of state." *See* March 5, 2020 Writ Denial by the Louisiana Fifth Circuit Court of Appeal in No. 20-C-56, attached hereto as **Exhibit 12**. Upon Heisler's request for reconsideration, the Louisiana Fifth Circuit found that "Heisler's reliance on *Henson* is misplaced." *See* June 17, 2020 Denial of Rehearing in No. 20-C-56, attached hereto as **Exhibit 13.**

These courts reached the only reasonable result possible under the language of La. R.S. § 12:1343(7), which provides that a foreign limited liability company shall not be considered to be doing business in this state by "securing or collecting debts or enforcing any rights in property securing the debts." This is well settled law. *See, e.g.,* Exhibit 12. Moreover, Klein is aware, and the Louisiana Secretary of State's records show, that LoanCo has registered to do business in Louisiana so that it does not need to respond (again) to the No-Registry Argument. *See* **Exhibit 14** hereto (Louisiana Secretary of State Certificate of Good Standing for Girod LoanCo, LLC).

Klein is well-aware that multiple courts have already rejected the No-Registry Argument. Klein's decision to re-allege this oft-rejected argument in this civil action violates his Rule 11 obligation to limit legal arguments to those that can be presented in good faith and not for purposes of harassment or to increase the cost of litigation. Rule 11 sanctions are warranted.

### 4. The Complaint Re-Asserts Arguments Klein Knows to Be Barred by Prescription and Federal Law.

In multiple paragraphs, the Complaint references alleged instances of fraud and other bad acts before and leading up to the collapse of FNBC. *See* Complaint, at ¶¶ 22-24, 37, 43. Heisler/Klein's claims for damages arising from bad acts by FNBC are barred by Louisiana's one-year prescriptive period for tort claims and by federal law, as Klein well knows.  Heisler/Klein have no good-faith basis for asserting a claim for damages against any defendant based on the allegation that LoanCo "stepped into the shoes" of FNBC bankers – particularly when "FNBC bankers" have not touched Heisler's loans since the FDIC took over the bank in 2017. *See* Complaint, ¶ 52.

The prescriptive bar to Heisler's alleged tort claims is obvious to any law school graduate. Assuming for the sake of argument only that some banker at FNBC did something wrong that caused damage to Heisler—which Girod denies and has seen no evidence of—that alleged wrong occurred before the FDIC was appointed receiver for FNBC on April 28, 2017.  *See* Exhibit 15 (Order appointing the FDIC as receiver for FNBC as of April 28, 2017). In Louisiana, tort causes of action prescribe after one year.  *See* La. Civ. Code Art. 3492. A claim against anyone for alleged bad acts by a FNBC banker

prescribed no later than April 29, 2018—one year and a day after all officers and employees at FNBC were replaced by the FDIC. The Complaint was filed in April 2021.  Heisler's FNBC-related damages claims are barred by prescription. Asserting claims that are clearly time-barred by operation of law is a violation of Rule 11. *See Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187 (5th Cir. 1996) (affirming district court's award of sanctions to attorney and law firm for filing and prosecuting claims where statue of limitations had clearly run).

All of Heisler's damage claims are also barred by federal law.  In April 2019, nearly two years before the Complaint was filed, LoanCo filed a Motion for Summary Judgment in the Schwab Concursus Action. The Motion for Summary Judgment detailed that any claims based on alleged fraudulent acts or omissions by FNBC or the FDIC are barred by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1811, *et seq.* ("FIRREA").  FIRREA strips any court of jurisdiction over claims against a failed institution if the claimant did not follow the proper administrative procedures to preserve those claims. 12 U.S.C. § 1821(d)(13)(D) (providing that no court shall have jurisdiction over "any claim relating to any act or omission of such institution or the Corporation as receiver").

Heisler, the Heisler Succession, and Klein were invited to participate in the administrative procedures process to preserve any claims they might have had against FNBC, but they failed to do so. On May 31, 2017, the FDIC provided each of Heisler, the Heisler Succession, and Klein with a claim form via certified mail to present to the FDIC any claim against FNBC for alleged wrongdoing. *See* Exhibit 5 at Exhibit 2-I. The claim

17

forms explicitly stated that any claims must be received by the FDIC no later than August 2, 2017, or the claims would be disallowed. *Id.* Neither Klein nor the Heisler Succession nor Heisler filed a claim with the FDIC regarding alleged wrongdoing by FNBC or the FDIC within the allowed timeframe. *Id.* As a result of their choice not to file claims with the FDIC, can claim that Heisler or the Heisler Succession may have had against FNBC is barred by FIRREA for failure to follow the administrative exhaustion requirement. 12 U.S.C. § 1821(d)(5)(C) (" . . . claims filed after the date specified in the notice . . . shall be disallowed and such disallowance shall be final").

FIRREA's bar to Heisler's fraud allegations was briefed extensively in the Schwab Concursus Action. *See* Exhibit 5. Klein tried to argue around the FIRREA bar, but was unsuccessful; the CDC entered summary judgment for Girod. *See* Exhibit 6. Girod reminded Klein of the FIRREA bar to Heisler's fraud-based claims in April 2021 through a filing in one of Klein's bankruptcy appeals pending before this Court. *See* Case No. 21-183, Docket No. 28, *Girod LoanCo's Opposition to Emergency Motion to Reinstate Automatic Stay* (pp. 18-21). Klein (and Heisler) know the fraud-based claims for the recovery are barred by FIRREA because of their decision not to participate in the FDIC's claim process.

Heisler's claim for damages against Girod (and others) based on allegedly fraudulent acts by FNBC in 2017 or earlier is barred by FIRREA and by Louisiana's one-

year prescriptive period for tort claims.[12]  Klein is well aware that the claim is not supported by existing law or a good-faith argument for the extension, modification, or reversal of existing law. Heisler's damage claim—written and filed by Klein—is worthy of Rule 11 sanctions on its own, even if the Complaint did not contain the other defects discussed above.

**B.   Dismissal of This Civil Action With Prejudice and an Award of Attorneys' Fees and Costs to Girod are Appropriate Sanctions for the Rule 11 Violations.**

The Court has the discretion to fashion the appropriate sanction for violations of Rule 11. *See* Federal Rule of Civil Procedure 11(c)(1). Options include striking the offending paper and awarding attorneys' fees and costs. Considerations in fashioning an appropriate sanction include: whether the conduct was willful or negligent, whether it was part of a pattern of conduct, whether it infected only one count or the entire pleading, and whether the person engaged in similar conduct in other litigation, among others. *See* Rule 11 Advisory Committee Notes. Dismissal of the action with prejudice can be an appropriate sanction for violations of Rule 11. *See Mr. Mudbug, Incorporated v. Bloomin' Brands, Incorporated*, 770 Fed. Appx. 658, 661 (5th Cir. 2019) (noting the court has previously held "'district courts may theoretically still dismiss baseless claims or defenses as sanctions' under Rule 11" (citing *Thomas v. v. Capital Sec. Services, Inc.*, 836 F.2d 866, 878 (5th Cir. 1988))); *Vehicle Operation Technologies LLC v. American Honda Motor Co. Inc.*, 67 F.Supp.3d 637 (D. Del. Sept. 12, 2014); *see also, Johneses v. Jani-King, Inc.*, 2008

---

[12]  *See* 12 U.S.C. § 1821(d)(5)(C); La. C.C. Art. 3492.  The fraud-related allegations in the Complaint also fail Rule 9's requirement to plead fraud with particularity.

WL 631237 (N.D. Tex. Mar. 3, 2008) (not reported); *Florance v. Bush*, 2010 WL 2710665 (N.D. Tex. Jun. 24, 2010) (not reported).

Klein's decision to file the Complaint containing factual allegations he knew to be false was a willful or intentional act, not a negligent one. His decision to re-assert legal arguments already rejected by multiple trial and appellate courts was also intentional, not negligent. Girod gave Klein more than 21 days to withdraw the Complaint and its false statements. *See* Exhibit 1. He refused. His willful and intentional conduct weighs in favor of serious sanctions. *See Willy v. Coastal Corp.*, 915 F.2d 865 (5th Cir. 1990) (affirming Rule 11 sanctions for party and attorneys' misleading and incomprehensible pleadings, use of discovery for harassment, and frivolous allegations of conflict of interest); *Worrell v. Houston CanA Academy*, 287 Fed. Appx. 320 (5th Cir. 2008) (affirming sanctions against attorney for "complete failure to conduct a reasonable investigation before" instituting suit).

Klein's decision to file a complaint that violates Rule 11 is consistent with his pattern of treating procedural rules and even substantive laws as suggestions to be followed or disregarded at his whim. For example, in the Foreclosure Lawsuit, the August 10, 2020 Order attached as Exhibit 2 to the Motion details Klein's disregard for state-court procedural rules and direct admonishments from Judge Schlegel to Klein about his conduct and filings in that case. *See* Exhibit 2. Similarly, in the Heisler Bankruptcy, Judge Grabill has had to admonish Klein about his disregard for the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and the applicable Local Rules, and has even struck certain filings that failed to meet basic requirements for that Court. *See* Order Striking Pleadings,

20

Exhibit 16. And in this Court, when Chief Judge Brown remanded the Foreclosure Lawsuit to state court for the second time, she specifically found that Heisler, acting through Klein, removed the lawsuit without any legitimate legal basis:

> Here, the Court finds that Defendant [Heisler] did not have an "objectively reasonable basis" for seeking removal, and sought to remove only to delay a state court show cause hearing regarding contempt. . . . Moreover, the Court has found Defendant's statements in support of jurisdiction in the Notice of Removal not only unavailing, but also unsupported by law or fact. Attorneys have an obligation to investigate the facts and the law of their case. . . . Therefore, the Court will remand the instant action to state court, and it will award attorneys' fees and costs here.

*See* Order and Reasons, **Exhibit 17**, pp. 9-10.

The Complaint is also part of a pattern of Heisler and Klein making factually inaccurate and legally unsupportable allegations against Girod and others. They have filed multiple requests for relief in the Foreclosure Lawsuit, the Schwab Concursus Action, the Succession Case, and the Heisler Bankruptcy based on the same baseless allegations asserted in the Complaint: that REO did not exist when it purchased 4041 Williams at the Sheriff's sale, and that LoanCo cannot collect on debts that it purchased from the FDIC because it is not registered to do business in this state. *See* Exhibit 3; Exhibit 7, p. 6; Exhibit 8, p. 2; Exhibit 18, p. 10. Girod provided Klein with definitive records from the Delaware Secretary of State showing that his oft-repeated contention about REO was factually inaccurate. *See* Exhibit 11. Klein re-asserted the inaccurate contention in the Complaint anyway and continues to do so. *See* ECF Doc. No. 31. State trial and appellate courts have already pointed out Klein's contention that LoanCo cannot enforce Heisler's debts is

legally incorrect.  *See, e.g.,* Exhibits 2, 6,[13] 12, 13.  But Klein re-asserted that indefensible contention in the Complaint anyway.

The Complaint's requests for relief are premised on factual allegations Klein knows to be false and legal contentions he knows to be meritless. The Complaint represents Klein's latest attempt to cause delay and harass Girod, all while seeking a more favorable forum for his arguments. The Complaint has caused Girod to incur unnecessary fees and costs to defend this civil action and to file this Rule 11 Motion.

Prior experience in this Court suggests that a monetary sanction alone will not be sufficient to deter Heisler and Klein from filing baseless and repetitive requests for relief. Chief Judge Brown awarded attorneys' fees to Girod against Heisler (but not against Klein) because of a baseless removal of the Foreclosure Lawsuit,[14] but Heisler and Klein's litigation conduct has not improved.

Girod submits that an appropriate sanction would include the dismissal of this civil action with prejudice, and an award of monetary sanctions to reimburse Girod for the legal fees incurred for this motion and related work. While dismissal is a harsh sanction, it is warranted in these circumstances. The claims are based on factual allegations that Klein and Heisler know to be objectively false. The legal arguments are identical to those expressly rejected in state-court litigation between the parties. Klein's decision to re-assert

---

[13] Final Judgment granting summary judgment for Girod over Klein's contention that the Girod cannot enforce the debt acquired from the FDIC, as Klein contended in the opposition attached as Exhibit 5A.

[14] "Order and Reasons" at Doc. No. 21 in *Girod LoanCo, LLC v. Regina B. Heisler*, Civ. No. 19-13150, in the United States District Court for the Eastern District of Louisiana.

those already-lost arguments here is a forum-shopping and resource-wasting misadventure that deserves a strong rebuke from this Court. Girod asks the Court to dismiss this civil action with prejudice.

Girod also asks for monetary sanctions against Klein, not Heisler, to reimburse Girod for the attorneys' fees incurred for this motion and related work. Girod submits that Klein, more than Heisler, is the source of the offending conduct. In the state-court proceedings and in the Heisler Bankruptcy, Klein has repeatedly characterized Heisler as having "no business acumen."[15] According to Klein, Heisler has no sophistication at all and relies on Klein to make legal decisions for her.[16] These statements establish that Klein, not Heisler, is the person most responsible for preparing and filing the Complaint. It is Klein, not Heisler, causing Girod to incur legal fees for which it should be reimbursed. Accordingly, Girod requests that the Court order Klein to reimburse Girod's reasonable attorneys' fees in an amount to be set by separate motion.

---

[15] *See, e.g.,* **Exhibit 18,** a collection of Klein's comments about Heisler from filings in the Heisler Bankruptcy and the state-court litigation. Sources in Exhibit 18 are: "Objection to Motion and Expedited Consideration" filed by Klein in the Heisler Bankruptcy ECF No. 34, at p. 1 ("Regina Heisler is a 77-year-old widow with no business acumen . . . ."); "Regina Heisler's Pre-Hearing Memorandum Favoring Dismissal Without Prejudice and Vacatur", filed August 12, 2019 in the Foreclosure Lawsuit, at Exhibit C, p. 7 ("Regina Heisler, whose lack of business or commercial acumen . . . ."); "Request for Oral Argument" filed in Heisler's Writ Application to the Louisiana Fourth Circuit Court of Appeals docketed as 2020-C-0074, filed on February 13, 2020, at p. 17 ("Regina Heisler, a 76-year-old widow with no business acumen . . . ."); Heisler's Writ Application to the Louisiana Supreme Court, filed November 11, 2020, at pp. 6, 13 ("Mrs. Regina Heisler, is a 77 year old widow with no business acumen . . . ."; "It is a fact that Relator is a high school graduate with no business acumen.").

[16] *See* Heisler's Writ Application to the Louisiana Fourth Circuit Court of Appeals, attached hereto as Exhibit 7, at p. 4 ("Regina Heisler has no business acumen and cannot be considered a sophisticated business person.").

4817-8037-1690 v7

## **CONCLUSION**

Klein's decision to file the meritless Complaint violates Rule 11. Klein, through Heisler, asserts allegations of fact he knows to be false and contrary to public records in his possession before he filed the Complaint. Klein disregarded Louisiana law—statutes that Girod cited to him weeks before he filed the Complaint—so he could get the Complaint on file against Girod and its counsel, even though the claims asserted in the Complaint have no legal merit. The principal legal theory underlying the Complaint has been repeatedly rejected by multiple state and federal courts; the asserted claim for damages is barred by prescription and by FIRREA, as Klein knows from past litigation with Girod. Nonetheless, Klein, through Heisler, filed the Complaint and failed to dismiss or withdraw it when requested. Accordingly, the Motion should be granted, this civil action should be dismissed with prejudice, and Klein should be ordered to pay Girod's attorneys' fees incurred for having to participate in a civil action that never should have been filed.

June 22, 2021                             Respectfully submitted,


                                          */s/ J. Eric Lockridge*
                                          J. Eric Lockridge (#30159)
                                          eric.lockridge@keanmiller.com
                                          Katilyn M. Hollowell (#37729)
                                          katie.hollowell@keanmiller.com
                                          **KEAN MILLER LLP**
                                          400 Convention Street, Suite 700
                                          P. O. Box 3513 (70821-3513)
                                          Baton Rouge, LA  70802
                                          (225) 387-0999

                                          ***Attorneys for Girod LoanCo, LLC and Girod REO, LLC***