

J. ERIC LOCKRIDGE, PARTNER
PH 225.389.3756 DIRECT FAX 225.215.4162
ERIC.LOCKRIDGE@KEANMILLER.COM

May 26, 2021

*Via U.S. Mail & E-Mail*

Henry L. Klein
The Law Offices of Henry L. Klein
201 St. Charles Avenue, Suite 2501
New Orleans, LA 70170
Email: henryklein44@gmail.com

          Re:    *Regina Heisler, as the Executrix of the Succession of Frederick P. Heisler v. Kean Miller LLP, et al.*, No. 21-cv-724, United States District Court for the Eastern District of Louisiana
                 **Rule 11 Letter**
                 File No. 27623.2

Dear Henry:

      This letter is sent to you on behalf of Girod LoanCo, LLC ("LoanCo") and Girod REO, LLC ("REO") (together, "Girod"), defendants in the above-captioned civil action filed by you as counsel of record. We, along with our client, have carefully reviewed the Complaint that you filed in the above-captioned matter (the "Complaint"). As you know, Federal Rule of Civil Procedure 11 provides, in pertinent part, as follows:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**Exhibit 1**

T 225.387.0999 | F 225.388.9133
II City Plaza | 400 Convention Street Suite 700 | Baton Rouge, LA 70802
Post Office Box 3513 | Baton Rouge, LA 70821
keanmiller.com

4829-1099-8762 v1

Rule 11 Letter to Klein
May 26, 2021
Page 2

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The Complaint, however, contains numerous instances of allegations lacking evidentiary support, that are barred by federal law, and appear designed to unnecessarily delay or harass Girod.

### A. The Complaint Contains Numerous Untrue and Knowingly False Allegations of Fact

In Paragraph 9 of the Complaint, you allege that REO was "created on November 25, 2019 in Delaware and qualified in Louisiana on November 26, 2019 after it was deeded 4041 Williams Boulevard." Paragraph 9 also states that REO was issued a backdated deed by the Jefferson Parish Sheriff's Office and "did not exist until November 26, 2019." You also assert that REO is "a vulture created by KEAN-MILLER after-the-fact." *See* Paragraph 46 of the Complaint. Specifically, you claim that the Sheriff of Jefferson Parish "illegally caused a *procès-verbal* deed to be executed after the case was removed to federal court and recorded it in the Public Records on October 26, 2019 in favor of REO, which did not exist at the time and which offices at 908 Poydras Street at the New Orleans Law Offices of KEAN MILLER." *See* Paragraph 50 of the Complaint.

As discussed in LoanCo's "Opposition" to your Motion to Vacate Oral Order on February 24, 2021 filed on March 17, 2021, in the bankruptcy case *In re Regina Berglass Heisler*, No. 20-11509, United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Case"), both points are false. Attached as Exhibit 2 to the Opposition was a certified record from the Delaware Secretary of State, which memorializes that on November 7, 2017, a then-existing Delaware company officially changed its name to "Girod REO, LLC." Accordingly, REO indisputably existed in October 2019 when it was the highest bidder for the property at 4041 Williams Blvd. Nonetheless, you continue to make the clearly false assertion that REO did not exist at the time it bid at the Sheriff's sale of 4041 Williams Blvd.

Additionally, your argument that the Jefferson Parish Sheriff's Office illegally backdated a deed to REO is contrary to Louisiana law. As Girod's Opposition notes, a purchaser at the Sheriff's sale "becomes the owner of the article adjudged" at the time of the sale, even though the deed may be passed and recorded at a later date. *See* La. R.S. §§ 9:3158, 9:3167. The auction date was used on the deed because that is the date ownership transferred under Louisiana law. *See* La. R.S. §§ 9:3160, 9:3167. Accordingly, there was no illegal backdating of the deed by the Jefferson Parish Sheriff's Office.

### B. The Complaint Asserts Arguments That Have Been Repeatedly Denied by State Courts.

In Paragraph 9 of the Complaint you allege that LoanCo, "has not qualified to transact business in Louisiana, in violation of La. R.S. 12:1354(A) and *Henson v. Santander Consumer*

USA, 582 U.S. ____ (2017)." In Paragraphs 18-20 of the Complaint, you again argue that LoanCo had not qualified to transact business in Louisiana prior to filing or appearing in any action in state court and allege "LOANCO'S suggestion that it is exempt from qualifying does not apply to the OWNER of debt purchased in the "…secondary market…", as decided by the United States Supreme Court in *Henson v. Santander Consumer USA*, 582 U.S ____ (2017)." *See* Paragraph 20 of the Complaint.

This argument was presented to and denied by multiple state courts, including the 24th Judicial District Court for the Parish of Jefferson in the Exception of No Right of Action filed on behalf of Regina Heisler and the Succession of Frederick P. Heisler (the "Heisler Succession"), the Louisiana Fifth Circuit Court of Appeal in the Heisler Succession and Regina Heisler's writ application, and the Louisiana Supreme Court in a writ application by the Heisler Succession and Regina Heisler. The Louisiana Fifth Circuit Court of Appeal, explicitly held that:

> appeal. La. C.C.P. art. 2642. Heisler filed neither of these pleadings. Considering Heisler's request to expel Girod from all Louisiana Courts, this relief is unwarranted. This Court has no jurisdiction to prohibit Girod from appearing in the judicial system in Louisiana. Also, Girod has standing to proceed in this court pursuant to La. R.S. 12:1343, which allows a foreign limited liability company to secure or collect debts or enforce any rights in property securing the debts without obtaining a certificate of authority from the secretary of state. La. 12:1343(7).

You are fully aware that multiple courts have already considered and rejected your argument that LoanCo must qualify to do business in Louisiana to collect debts owed by either Regina Heisler or the Heisler Succession under La. R.S. § 12:1354 or *Henson*. Your decision to re-urge that oft-rejected argument in the Complaint violates Rule 11.

C. The Complaint Presents Claims and Allegations that are Barred by Federal Law.

In Paragraphs 22-23 of the Complaint you argue that the fraud on the Heisler Succession and Regina Heisler "began long before the FDIC breached its own rules by selling toxic FNBC debt to LOANCO" and that neither the Heisler Succession nor Regina Heisler "received consideration for the notes LOANCO seeks to enforce." This argument continues in Paragraph 24 where you allege "unbridled bank fraud" surrounding the First NBC Bank ("FNBC") collapse. *See also*, Paragraph 37, at subparagraph 12 ("FRAUD THAT WAS PRACTICED IN CONNECTION WITH THE First NBC collapse"); Paragraph 43 ("… victim of fraud that began long before FNBC was closed.").

As discussed in LoanCo's Opposition to the Emergency Motion to Reinstate the Automatic Stay filed in the Bankruptcy Appeal and LoanCo's Motion for Summary Judgment filed on April 16, 2019, in the state-court action docketed as *Charles Schwab & Co., Inc. v. Girod LoanCo, LLC and Regina B. Heisler*, 2018-4693 "N", in the Civil District Court for the Parish of Orleans, State of Louisiana (the "Concursus Action"), any of the fraud-based arguments based on acts or

Rule 11 Letter to Klein
May 26, 2021
Page 4

omissions by FNBC or the Federal Deposit Insurance Corporation ("FDIC") and asserted by the Heisler Succession or Regina Heisler are barred by federal law. On May 31, 2017, the FDIC provided Regina Heisler, the Heisler Succession, and you individually with a claim form via certified mail to present any claim you may have against FNBC for alleged wrongdoing. The form explicitly stated that any claims must have been received by the FDIC on or before August 2, 2017, or the claims would be disallowed. Yet, neither you nor the Heisler Succession nor Regina Heisler filed a claim with the FDIC for alleged wrongdoing by FNBC or the FDIC within the allowed timeframe. Accordingly, such claims are barred by the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1811, *et seq.*

As discussed above, the key factual allegations made in the Complaint are untrue, and you knew them to be untrue when you filed the Complaint. Moreover, there is no good-faith basis for the legal claims in the Complaint. The claims about 4041 Williams are legally and factually false. The claims for damages are barred by the one-year prescriptive period for tort claims and by FIRREA. The Complaint is baseless and should be dismissed immediately

In accordance with the requirements of Federal Rule of Civil Procedure 11 and the jurisprudence interpreting the rule, and in an attempt to permit you to mitigate the damages Girod has incurred and/or will incur due to these offensive and untrue statements, we hereby advise you and your client of our intention to seek sanctions for the filing of the Complaint and the statements contained therein. As such, we respectfully request that you immediately dismiss the Complaint against Girod with prejudice by formal pleading with the Clerk of Court, accurately stating that the reason for the dismissal is false and untrue statements of fact made by you. If you do not dismiss the Complaint with prejudice within twenty-one (21) days of the date of this letter Girod will seek relief against you and your client as detailed in the enclosed draft Rule 11 Motion for Sanctions.

Very truly yours,

J. Eric Lockridge

Enclosure