# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**REGINA HEISLER, AS THE**      **CIVIL ACTION**
**EXECUTRIX OF THE SUCCESSION**
**OF FREDERICK P. HEISLER**

**VERSUS**          **No. 21-724**

**KEAN MILLER, LLP, GIROD**     **SECTION "E"(2)**
**LOANCO, LLC, ET AL.**


## ORDER AND REASONS

Before the Court is "Regina Heisler's Rule 8(a) Motion for Stay Pending Application for Writs to the Fifth Circuit Court of Appeals."[1] The motion seeks a stay of the following two orders (1) an order[2] denying Plaintiff's request for a temporary restraining order; and (2) an order[3] vacating the submission date with respect to Plaintiff's motion for summary judgment and for declaratory judgment. Both orders are interlocutory orders, not final orders. As of this date, no final order has been entered in this case.

According to Federal Rule of Appellate Procedure 8, a party must first apply to the district court for, among other things, "a stay of the judgment or order of a district court pending appeal," and for "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."[4]  Appeals of interlocutory decisions of the district court are governed by 28 U.S.C. § 1292, which provides, in pertinent part:

---

[1] R. Doc. 69. Plaintiff Regina Heisler also filed a motion to expedite consideration of the motion to stay. (*See* R. Doc. 70).
[2] R. Doc. 63.
[3] R. Doc. 68.
[4] Fed. R. App. Pro. 8(a)(1)(A), (a)(1)(C).

(a) Except as provided in subsections (c) and (d)[5] of this section, the courts of appeals shall have jurisdiction of appeals from:

> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

> (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;

> (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.[6]

Subpart (2) concerning receiverships, and subpart (3) concerning admiralty cases, plainly are irrelevant here. The question is whether the Court's above referenced orders are orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions," within the meaning of subpart (1). The Court's order[7] vacating the submission date set on Plaintiff's motion for summary judgment clearly is not such an order.

This decision turns on whether the Court's order denying Plaintiff's request for a TRO is an interlocutory order concerning an injunction.[8] Plaintiff's motion underlying the order in question is styled "Rule 65 Motion for a Temporary Restraining Order, Preliminary and Permanent Injunction and other Relief,"[9] however, in the motion, Plaintiff seeks "a Temporary Restraining Order" and "an Expedited Preliminary

---

[5] Subsections (c) and (d) are not applicable in this case.
[6] 28 U.S.C. § 1292(a)(1).
[7] *See* R. Doc. 68.
[8] R. Doc. 63.
[9] R. Doc. 60-1.

Injunction Hearing pursuant to Rule 65(b)(3) and other appropriate relief."[10] The specific ruling Plaintiff is appealing is a decision denying her request for a TRO.[11]

 The denial of a temporary restraining order is typically not appealable,[12] while orders on injunctions are appealable.[13] A temporary restraining order may be treated as a preliminary injunction and therefore appealed if its actual effect mirrors that of injunction.[14] In *Calvary Church of Bangor v. Mills*, the First circuit Court of Appeals stated that an appellant may invoke § 1292(a)(1) and obtain an appeal of a TRO if she can make a three part showing that the refusal of the TRO (1) had the practical effect of denying injunctive relief, (2) will likely cause serious (if not irreparable) harm, and (3) can only be effectually challenged by means of an immediate appeal.[15] Plaintiff cannot make such a showing.

The Fifth Circuit has stated that, in determining whether a district court has ordered a TRO or a preliminary injunction,

> [t]he central inquiry goes to the nature and scope of the hearing that precedes the denial of the motion. The denial of a so-called temporary restraining order is properly appealable when entered after a hearing in which all interested parties had an opportunity to participate, thus allowing for full presentation of relevant facts.[16]

---

[10] R. Doc. 60-1 at p. 1. Attempting to discern the central focus of Plaintiff's motion (and other filings) is like attempting to read hieroglyphics; nevertheless, the Court has deciphered a request for TRO and subsequent preliminary injunction hearing. (*See* R. Doc. 60-1 at pp. 11–12).

[11] *See* R. Doc. 63 (finding "that Plaintiff failed to bear her burden of satisfying the four prerequisites to obtaining a temporary restraining order under Rule 65" and ordering "that Plaintiff's motion for a temporary restraining order is denied.")

[12] *See Board of Governors of Federal Reserve System v. DLG Financial Corp*, 29 F.3d 993 (5th Cir. 1994).

[13] *See* 28 U.S.C. § 1292(a)(1).

[14] *See Turner v. Epps,* 460 F. App'x 322 (5th Cir. 2012); *see also* 11A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2962. !

[15] 984 F.3d 21, 27 (1st Cir. 2020).

[16] *Turner*, 460 F. App'x at 326.

Denial of Plaintiff's motion for TRO was not made after a hearing.[17] As a result, the denial of Plaintiff's request for a TRO in this case is not treated as the denial of a request for an injunction.

For the above stated reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Rule 8(a) Motion for Stay Pending Application for Writs to The Fifth Circuit Court of Appeals[18] is **DENIED.**

**New Orleans, Louisiana, this 19th day of August, 2021.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] Plaintiff admits as much in her motion for stay. *See* R. Doc. 69-1 at p. 1
[18] R. Doc. 69.