UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINA HEISLER, AS THE EXECUTRIX OF THE SUCCESSION OF FREDERICK P. HEISLER** | **CIVIL ACTION** |
| | **No. 21-724** |
| **VERSUS** | |
| **KEAN MILLER, LLP, GIROD LOANCO, LLC, ET AL.** | **SECTION "E"(2)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), filed by Defendants Girod LoanCo, LLC, and Girod REO, LLC (collectively "Girod").[1] Plaintiff Regina Heisler filed an opposition.[2] Girod filed a reply.[3]

## BACKGROUND

The Federal Deposit Insurance Company ("FDIC"), as receiver for First NBC Bank ("FNBC"), sold to Girod LoanCo, LLC ("LoanCo") certain promissory notes executed by Plaintiff, and the accompanying mortgages, pledging immovable property at 4041 Williams Boulevard in Kenner, Louisiana ("4041 Williams") and 836-844 Baronne Street in New Orleans, Louisiana ("844 Baronne").[4] On March 12, 2019, LoanCo filed a verified petition for foreclosure by executory process against Plaintiff in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, ("24th JDC") seeking to seize and sell 4041

---

[1] R. Doc. 43.
[2] R. Doc. 57.
[3] R. Doc. 62.
[4] R. Doc. 1 at p. 3; R. Doc. 43-1 at p. 3. The state court executory process foreclosure action is styled, *Girod LoanCo LLC v. Heisler, individually and as Succession Representative/Executrix of the Succession of Frederick P. Heisler*, Case No. 793-014 "D", 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

Williams and 844 Baronne.[5] The 24th JDC entered an Order for Writ of Seizure and Sale in favor of LoanCo, and signed the judgment on June 21, 2019.[6] Pursuant to the Order for Writ of Seizure and Sale, the Sheriff of Jefferson Parish, Sheriff Lopinto, seized 4041 Williams and set it for Sheriff's sale on October 9, 2019.[7] Girod REO, LLC ("REO") was the highest bidder at the Sheriff's sale.[8] At the consummation of the Sheriff's sale, Sheriff Lopinto executed a proces verbal deed to REO.[9] The deed was recorded in the public records on October 26, 2019.[10]

On April 8, 2021, Plaintiff instituted this lawsuit by filing her complaint against Girod and others.[11] Plaintiff's complaint contains two claims for relief, identified therein as Count 1 and Count 2.[12] Count 1 of Plaintiff's complaint seeks a "clawing back," of 4041 Williams by setting aside or annulling the October 9, 2019, Sheriff sale to REO.[13] Count 2 seeks damages for the alleged wrongful seizure and sale of 4041 Williams.[14]

## LEGAL STANDARD[15]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle

---

[5] R. Doc. 43-1 at p. 3.
[6] *Id.* at p. 4.
[7] *Id.*
[8] R. Doc. 1 at ¶ 46; R. Doc. 43-1 at p. 4.
[9] R. Doc. 1 at ¶ 49; R. Doc. 43-3 at p. 1.
[10] R. Doc. 1 at ¶ 50; R. Doc. 43-1 at p. 4.
[11] R. Doc. 1.
[12] *Id.* at pp. 18-19. Plaintiff's complaint also requests that this Court "conduct an independent investigation, pursuant to *Chambers v. NASCO* and its progeny, as to the level of fraud upon the courts perpetrated by the defendants." (*Id.* at pp. 19–20). This request is not a claim for relief and it need not be considered in resolving Girod's motion to dismiss.
[13] R. Doc. 1 at p. 17.
[14] *Id.* at p. 18.
[15] Because this Order is based on Girod's Rule 12(b)(6) motion, the Court will not address Girod's improper service arguments.

him to relief.[16] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[19] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[20]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[21] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[22] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[23]

## LAW AND ANALYSIS

On July 14, 2021, Girod filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing Counts 1 and 2 Plaintiff's complaint are barred by prescription.[24]

---

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[18] *Id.*
[19] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[20] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[21] *Twombly*, 550 U.S. at 555.
[22] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[23] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[24] R. Doc. 43.

On August 1, 2021, Plaintiff filed an opposition to Girod's motion to dismiss, arguing Girod's motion to dismiss should be converted to a motion for summary judgment.[25] In her opposition, Plaintiff also argues she has been denied access to functioning courts, and argues this Court should deny LoanCo's Proof of Claim No. 3 in a separate bankruptcy case, Case No. 20-bk-11509.[26]

On August 6, 2021 Girod filed a reply memorandum in support of its motion to dismiss, arguing that Plaintiff's opposition fails to respond to the argument, raised in Girod's motion to dismiss, that Plaintiff's claims are time barred.[27] Girod further argues Plaintiff's failure to address the merits of Girod's Rule 12(b)(6) argument "results in a waiver of any response to those arguments," and amounts to a concession that Girod's motion to dismiss should be granted.[28]

The Court, after reviewing Plaintiff's opposition, agrees with Girod that the opposition wholly fails to address Girod's argument that Counts 1 and 2 of the complaint are time barred. As a result, the Court must address whether the Plaintiff's failure to defend her claims in response to Girod's motion to dismiss amounts to waiver or abandonment of her claims.

The Fifth Circuit has noted that a plaintiff's failure to defend her claims beyond her complaint constitutes abandonment of those claims.[29] District courts within the Fifth Circuit have expressly applied this abandonment rationale in dismissing plaintiffs'

---

[25] R. Doc. 57. On August 13, 2021, the Court entered an order denying Plaintiff's invitation to convert Girod's motion to dismiss to a motion for summary judgment. *See* R. Doc. 68.
[26] *Id.* The bankruptcy case is styled *In re Regina Berglass Heisler*, Case No. 20-11509 (Bankr. E.D. La.).
[27] R. Doc. 62 at pp. 3–5.
[28] *Id.* at pp. 1, 3–5.
[29] *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

claims.[30] For example, in *Arkansas v. Wilmington Trust National Association*, the plaintiff brought a mortgage foreclosure action asserting common law tort claims under Texas law for fraud and negligent misrepresentation, and further seeking a declaratory judgment to avoid enforcement of the home equity loan and lien on her home.[31] The defendants filed a motion to dismiss, contending the plaintiff's tort claims were barred by the economic loss rule, her fraud claim did not satisfy the requirements of Federal Rule of Civil Procedure 9(b), and her negligent misrepresentation claim was invalid as a matter of law because the advice in question was not given as guidance for plaintiff's business.[32] In evaluating the plaintiff's opposition to the defendants' motion to dismiss, the court noted the plaintiff's opposition contended that defendants' arguments based on the economic loss rule

> are 'without merit,' but she does not explain why she believes Defendants' economic loss argument is without merit . . . She also fails to address Defendants' contentions that her fraud pleadings do not satisfy Rule 9(b), and her negligent misrepresent claim fails as a matter of law because the alleged representation was not made for guidance in her business.[33]

The court concluded the defendants were entitled to dismissal of the plaintiff's tort claims for fraud and negligent misrepresentation because her opposition failed to address any of the arguments raised in the defendants' motion to dismiss.[34] In dismissing the plaintiff's tort claims with prejudice, the court state the "[f]ailure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level."[35]

---

[30] *See, e.g.*, *Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *1 (N.D. Tex. Mar. 16, 2020); *Trieger v. Ocwen Loan Servicing*, LLC, No. 3:19-CV-00100-L, 2019 WL 3860689 (N.D. Tex. Aug. 15, 2019).
[31] *Arkansas*, 2020 WL 1249570, at *1.
[32] *Id*. at *2.
[33] *Id*. at *3.
[34] *Id*. at *5.
[35] *Id*. (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

Similarly, in *Trieger v. Ocwen Loan Servicing, LLC*, the court concluded that the plaintiffs abandoned their RESPA claim against defendant Ocwen Loan Servicing, LLC because the plaintiffs did not file a response to Ocwen's motion to dismiss the plaintiffs' claims under the Texas Property Code, Real Estate Settlement Procedures Act ("RESPA").[36] In granting Ocwen's motion to dismiss the plaintiff's RESPA claims, the court noted that when "a plaintiff fails to defend a claim in response to a motion to dismiss . . . the claim is deemed abandoned."[37] Several other district courts within the Fifth Circuit also have concluded a plaintiff's failure to defend her claims in response to a motion to dismiss amounts to abandonment of the plaintiff's claims.[38]

As mentioned above, the Court has reviewed the Plaintiff's opposition and found that Plaintiff wholly failed to defend her claims against Girod's arguments that her claims are time barred.[39] In fact, Plaintiff's opposition makes no mention whatsoever of Girod's untimeliness arguments, or of why her claims should not be considered time barred.[40] As a result, Plaintiff has waived her right to respond to that argument. And, "[a]lthough failure to respond to motion will be considered statement of no opposition, court is not required to grant every unopposed motion."[41] Regardless of whether Plaintiff's failure to respond to Girod's untimeliness arguments results in a waiver of that issue at the district court level, the Court will not dismiss Plaintiff's complaint with prejudice merely because

---

[36] *Trieger v. Ocwen Loan Servicing, LLC*, No. 3:19-CV-00100-L, 2019 WL 3860689, at *9 (N.D. Tex. Aug. 15, 2019).

[37] *Id.*

[38] *See, e.g., Mocsary v. Ard, No. CV 17-1713-SDD-EWD*, 2018 WL 4608485, at *13 (M.D. La. Sept. 25, 2018); *U.S. ex rel. Woods v. SouthernCare, Inc.*, 2013 WL 1339375 at *7 (S.D. Miss. Mar. 30, 2013); *Dean v. One Life Am., Inc.*, No. 4:11–CV–203–CWR–LRA, 2013 WL 870352, at *2 (S.D. Miss. Mar. 7, 2013); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom.*, *Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014); *Alexander v. Brookhaven Sch. Dist.*, No. 3:07–CV–640–DPJ–JCS, 2009 WL 224902, at *4 (S.D. Miss. Jan. 28, 2009), *aff'd*, 428 F. App'x 303 (5th Cir. 2011).

[39] *See* R. Doc. 57.

[40] *See id.*

[41] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993)

she failed to respond to Girod's motion to dismiss.[42] The Fifth Circuit has held it is improper for a district court, without considering the merits of the arguments before it, to grant a motion to dismiss solely because it is unopposed.[43] Dismissal of the complaint with prejudice in such a case is tantamount to a sanction, and such a dismissal risks running afoul of the Fifth Circuit's "established rule that dismissal is only appropriate after consideration of less severe sanctions by the trial court and a clear record of contumacious conduct or extreme delay."[44] As a result, the Court will grant Girod's motion to dismiss only if it has merit.

The basis for the relief sought in Count 1 of Plaintiff's complaint—namely, the annulment of the October 9, 2019, Sheriff's sale to REO—appears to be that the Sheriff's sale to Girod REO is void because Sheriff Lopinto allegedly backdated the proces verbal deed to October 9, 2019, and thereafter recorded the deed to REO in the public records on October 26, 2019.[45]

As mentioned above, Girod argues in its motion to dismiss that this cause of action is untimely under La. R.S. § 13:4112.[46] Louisiana Revised statutes § 13:4112 provides:

> No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish. Any party seeking to annul or set aside a judicial sale of immovable property through executory proceedings filed for record before the adoption of this Section must do so within six months of September 12, 1975. Nothing herein shall be construed to affect legal defenses otherwise available to any person

---

[42] *See Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir 1980) (overturning district court's decision granting defendants' motion to dismiss because the motion was unopposed because dismissal with prejudice is a severe sanction).
[43] *Id.*
[44] *Id.*, 457 F. App'x 448, 454 (5th Cir. 2012)
[45] R. Doc. 1 at ¶¶ 9, 50.
[46] R. Doc. 43-1 at p. 6.

> against whom a deficiency judgment is sought after the public sale of immovable property through executory proceedings.[47]

The parties do not dispute that Sheriff Lopinto filed the proces verbal deed to REO in the public records on October 26, 2019.[48] Plaintiff filed her Complaint in this action on April 8, 2021, almost two years after the proces verbal deed was recorded.[49] The question is whether, under § 13:4112, Plaintiff is barred from using the instant action to set aside the sale to REO on account of an alleged incorrect date on the proces verbal deed.

In *Deutsche Bank Nat. Tr. Co. v. Carter*, the Louisiana Court of Appeal for the Fifth Circuit explained that

> procedural objections to a proceeding by executory process may be asserted only (1) through an injunction to arrest the seizure and sale, or (2) by a suspensive appeal from the order directing the issuance of a writ of seizure and sale, or both. . . . A mortgagor who failed to enjoin the sale of property by executory process or who did not take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, may nonetheless institute and maintain a direct action to annul the sale on certain limited grounds, provided the property was adjudicated to and remains in the hands of the foreclosing creditor. . . . A sale through executory process can be attacked by means of a direct action, filed after the sale has been completed, solely on the ground that there were defects in the proceedings which are substantive in character and which strike at the foundation of the executory proceeding. . . . Objections as to the lack of authentic evidence or as to minor defects of form or procedure may not be used as ground for an action to annul a judicial sale of immovable property by executory process.[50]

First, because the instant action is not "an injunction to arrest the seizure and sale" or "a suspensive appeal from the order directing issuance of the writ," Plaintiff may not raise procedural objections to the executory process proceeding and the Sheriff's sale in the instant action.[51] Second, because the property was not adjudicated to the foreclosing

---

[47] La. R.S. § 13:4112.
[48] R. Doc. 1 at ¶ 50; R. Doc. 43-1 at p. 4.
[49] *See* R. Doc. 1.
[50] 10-663 (La. App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286, writ denied, 2011-0392 (La. 4/8/11), 61 So.3d 691.
[51] *See id.*

8

mortgagee, plaintiff may not "institute and maintain a direct action to annul the sale."[52] The property in question—4041 Williams—was adjudicated to REO.[53] The foreclosing creditor was LoanCo, not REO.[54] Finally, Plaintiff raises procedural objections, not substantive objections. Substantive defects in the executory proceeding include "fraud, lack of notice, [] ill practices by the creditor,"[55] error or mistake.[56] Plaintiff here does not raise any objection premised on fraud, error, mistake, lack of notice or ill practices by a creditor. Rather, Plaintiff complains of an alleged defect in the date on the proces verbal deed.[57] Even assuming Plaintiff was correct that the Sheriff wrote the incorrect date on the deed, which is doubtful, this objection presents a minor defect of form or procedure. Pursuant to § 13:4112, objections as to defects of form or procedure may not be used as grounds for an action to annul a judicial sale of immovable property by executory process after recordation of the proces verbal of the sale.[58] As a result, Plaintiff is foreclosed from seeking to set aside or annul the sale to REO, and Count 1 of Plaintiff's complaint should be dismissed.

Count 2 of Plaintiff's complaint seeks damages for the alleged wrongful seizure and sale of 4041 Williams.[59] In explaining what a plaintiff has to show to recover on a claim for wrongful seizure and sale, the Louisiana Court of Appeal for the Fifth Circuit in *Taylor v. Hancock Bank of Louisiana* made clear that the action for wrongful seizure and sale is delictual in nature. The court in *Taylor* stated as follows:

> In order for plaintiff to prevail under LSA–C.C. art. 2315, she must prove the threshold requirement that the seizure was illegal or wrongful. Further,

---

[52] *See id.*
[53] R. Doc. 1 at ¶ 9; R. Doc. 43-1 at p. 4.
[54] R. Doc. 1 at ¶¶ 9, 17, 53; R. Doc. 43-1 at p. 3. LoanCo was the foreclosing creditor. *See id.*
[55] *Walter Mortg. Co., LLC v. Turner*, 51,007 (La. App. 2 Cir. 11/16/16), 210 So. 3d 425, 433.
[56] *Wells Fargo Bank, N.A. v. Thompson*, 14–3 (La.App. 5 Cir. 05/21/14), 142 So.3d 182, 186–187.
[57] R. Doc. 1 at ¶¶ 9, 50.
[58] *Wells Fargo Bank, N.A. v. Thompson*, 14–3 (La.App. 5 Cir. 05/21/14), 142 So.3d 182, 186–187.
[59] R. Doc. 1 at ¶¶ 51–54.

> for plaintiff to recover damages, the damages must have been caused by the fault of another. There must be a duty owed by the defendant to the plaintiff, a breach of this duty and causation. . . . "Fault" as used in article 2315 encompasses more than negligence. It is the breach of a duty owed by one party to another under particular facts and circumstances of a given case.[60]

Other courts applying Louisiana law have treated claims for wrongful seizure and sale as delictual actions.[61]

In Louisiana, "[d]elictual actions are subject to a liberative prescription of one year."[62] The one-year liberative prescriptive period for delictual actions begins to run from the day the injury or damage is sustained.[63] Ordinarily, the party raising prescription as a defense bears the burden of proof; however, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed by showing suspension, interruption, or renunciation of the prescription.[64]

It is clear that a one-year prescriptive period applies to Plaintiff's wrongful seizure and sale claim. Plaintiff filed her complaint on April 8, 2021.[65] Under Louisiana Civil Code article 3492, the date of injury is the date of seizure and sale, and prescription began to run on that date.[66] From the face of the complaint, it is clear the property was seized and sold in October 2019,[67] more than one year before Plaintiff filed her complaint. From the

---

[60] *Taylor v. Hancock Bank of Louisiana*, 95-0666 (La. App. 1 Cir. 11/9/95), 665 So. 2d 5, 7.

[61] *Dixie Sav. & Loan Ass'n v. Pitre*, 99-154 (La. App. 5 Cir. 7/27/99), 751 So. 2d 911, 921, writ denied, 99-2867 (La. 12/10/99), 751 So. 2d 855; *Moore v. Louisiana Bank and Trust Company*, 528 So.2d 606, 614 (La.App. 2 Cir.), writ denied, 531 So.2d 269 (La.1988).

[62] La. C. C. art 3492.

[63] *Id.*

[64] *Everhome Mortg. Co. v. Lewis*, 16-323 (La. App. 5 Cir. 12/7/16), 207 So. 3d 646, 650 (citing *Ss v. State*, 02–0831 (La. 12/4/20), 831 So.2d 926, 931.)

[65] R. Doc. 1.

[66] *See* La. C. C. art 3492; *see also Tapp v. Guaranty Finance Co.*, 158 So. 2d 228 (La. App. 1 Cir. 1963). In *Hernandez v. Harson*, 237 La. 389 (1958), the Louisiana Supreme Court recognized that the running of prescription might, in some cases, begin to run not on the date of the seizure, but on the date the rights of the parties are finally determined. That exception to the usual rule that prescription begins to run on the date of injury is warranted only when there is litigation instituted following the seizure to determine the rights of the parties, and such relief is sought by way of a suspensive appeal from or injunction against the order of executory process, seizure, and sale. *See Tapp*, 158 So.2d at 236.

[67] R. Doc. 1 at ¶¶ 9, 46, 50.

face of the complaint, Plaintiff's wrongful seizure and sale claim is prescribed. Accordingly, the burden shifts to Plaintiff to show her claim has not been prescribed. Plaintiff has filed no opposition and has not met her burden of proof. Accordingly, Plaintiff has failed to carry her burden of showing that her wrongful seizure and sale claim is not prescribed, and Count 2 of Plaintiff's complaint must be dismissed.

<u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that the motion to dismiss,[68] filed by Girod LoanCo, LLC, and Girod REO, LLC, is **GRANTED**. Plaintiff's claims against Girod LoanCo, LLC, and Girod REO, LLC, are hereby **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana, this 27th day of August, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[68] R. Doc. 43. Plaintiff's request for a scheduling order (R. Doc. 34) is **DENIED.**