## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**REGINA HEISLER, AS THE**                    CIVIL ACTION
**EXECUTRIX OF THE SUCCESSION**
**OF FREDERICK P. HEISLER**

**VERSUS**                                    No. 21-724

**KEAN MILLER, LLP, GIROD**                   SECTION "E"(5)
**LOANCO, LLC, ET AL.**

## ORDER AND REASONS

Before the Court is a motion for Rule 11 sanctions[1] by Defendants Girod LoanCo, LLC and Girod REO, LLC (collectively, "Girod"), against Regina Heisler ("Heisler") and her attorney, Henry Klein ("Klein"). Also before the Court is an opposition to Girod's motion for sanctions[2] by Heisler and Klein. Girod seeks the dismissal of Heisler's claims against them as an appropriate sanction against Heisler, and monetary sanctions against Klein. As Heisler's claims against Girod already have been dismissed with prejudice, the motion for sanctions against Heisler in the form of a dismissal is moot.[3] The Court will consider whether to award a monetary sanction against Klein.

For the reasons that follow, Girod's motion for Rule 11 sanctions is **GRANTED.**

## BACKGROUND

This civil action and the instant motion for sanctions arise against an extensive history of legal disputes between Girod and Heisler, spanning the course of several years and several judicial forums. Because the history of these actions is pertinent to the instant motion for sanctions, it is necessary to outline it briefly herein.

---

[1] R. Doc. 35.
[2] R. Doc. 42.
[3] R. Doc. 76.

The Federal Deposit Insurance Company ("FDIC"), as receiver for First NBC Bank ("FNBC"), assigned to Girod LoanCo, LLC ("LoanCo") six promissory notes executed by Heisler, and the accompanying mortgages, pledging immovable property at 4041 Williams Boulevard in Kenner, Louisiana ("4041 Williams") and 836-844 Baronne Street in New Orleans, Louisiana ("844 Baronne").[4] On March 12, 2019, LoanCo filed a verified petition for foreclosure by executory process against Heisler in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, ("24th JDC") seeking to seize and sell 4041 Williams and 844 Baronne.[5] On March 14, 2019, Heisler attempted to remove the case to the United States District Court for the Eastern District of Louisiana ("Eastern District"), but the case was remanded back to the 24th JDC on June 5, 2019.[6] Shortly thereafter, the 24th JDC entered an Order for Writ of Seizure and Sale in favor of LoanCo, and signed the judgment on June 21, 2019.[7]

Pursuant to the Order for Writ of Seizure and Sale, the Sheriff of Jefferson Parish, Sheriff Lopinto, seized 4041 Williams and set it for Sheriff's sale on October 9, 2019.[8] Girod REO, LLC ("REO") was the highest bidder at the Sheriff's sale.[9] At the consummation of the Sheriff's sale, Sheriff Lopinto executed a proces verbal deed to REO.[10] The deed was recorded in the public records on October 26, 2019.[11] Through Klein, Heisler filed a number of exceptions, motions (some repetitive), and writ applications in

---

[4] R. Doc. 35-1 at p. 2.
[5] R. Doc. 35-4. The executory process foreclosure action is styled *Girod LoanCo LLC v. Heisler, individually and as Succession Representative/Executrix of the Succession of Federick P. Heisler*, Case No. 793-014 "D", 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.
[6] *Girod LoanCo LLC v. Heisler*, No. 19-2363 "G(2)" (E.D. La. June 5, 2019) at R. Doc. 16, (first remand order).
[7] *See* R. Doc. 35-4.
[8] *Id.*
[9] R. Doc. 1 at ¶ 46; R. Doc. 43-1 at p. 4.
[10] R. Doc. 1 at ¶ 49; R. Doc. 43-3 at p. 1.
[11] R. Doc. 1 at ¶ 50; R. Doc. 43-1 at p. 4.

connection with the executory process foreclosure action. Additionally, On October 16, 2019, Heisler filed a *second* notice of removal of the executory process foreclosure action in the Eastern District; the case was remanded back to the 24th JDC in December of 2019, with the court awarding Girod attorneys' fees and costs on finding Heisler "did not have an 'objectively reasonable basis for seeking removal, and sought removal only to delay a state court show cause hearing regarding contempt.'"[12]

The property at 844 Baronne was scheduled to be sold at a sheriff's sale on August 27, 2020.[13] That sale was stayed when Heisler filed a petition for relief under Chapter 11, which was later converted to a Chapter 7 bankruptcy.[14] The Chapter 7 Trustee eventually sold 844 Baronne to REO with the approval of the bankruptcy court.[15] On October 21, 2020, Girod filed a proof of claim, asserting a claim against the estate of Heisler in the total amount of $7,869,608.10, with $3,904,360.42 of that amount secured by 844 Baronne and funds from a Schwab account. Klein[16] and Heisler[17] each filed objections to Girod's proof of claim. On August 13, 2021, the bankruptcy court entered a memorandum opinion and order overruling Heisler and Klein's objections to Girod's proof of claim.[18]

On October 19, 2021, the Chapter 7 Trustee filed a motion[19] in the bankruptcy case, seeking to hold Klein and Heisler in contempt for violating the bankruptcy court's orders[20] restricting Heisler and Klein from filing pleadings on behalf of Heisler in the

---

[12] R. Doc. 35-1 at p. 3 (*see also Girod LoanCo, LLC, v. Heisler,* No. 19-13150 "G(2)" (E.D. La. Dec. 23, 2019) at R. Doc. 17, 21 (second remand order).

[13] R. Doc. 35-1 at p. 4.

[14] R. Doc. 35-4 at p. 5. *See* Heisler's voluntary bankruptcy petition filed August 27, 2020, *In re Regina B. Heisler*, R. Doc. 1, Case No. 20-bk-11509 (Bankr. E.D. La.).

[15] *Id.* at R. Doc. 322 (Apr 23, 2021 Bankr. E.D. La).

[16] *Id.* at R. Doc. 153 (Dec. 30, 2020 Bankr. E.D. La.).

[17] *Id.* at R. Doc. 348. (May 18, 2021 Bankr. E.D. La.).

[18] *Id.* at R. Doc. 402 (Aug. 13, 2021 Bankr. E.D. La).

[19] *Id.* at R. Doc. 425 (Oct. 19, 2021 Bankr. E.D. La.).

[20] *Id.* at R. Doc. 146 (Dec. 15, 2020 Bankr. E.D. La.) and R. Doc. 173 (Jan. 19, 2021 Bankr. E.D. La.).

concursus action pending in Civil District Court for the Parish of Orleans, State of Louisiana.[21] Specifically, the Chapter 7 trustee argued Klein filed a number of pleadings in the concursus action on behalf of Heisler in direct violation of the bankruptcy court's orders.[22] On November 9, 2021, the bankruptcy court granted the Chapter 7 trustee's motion for contempt and held Heisler and Klein in contempt of court.[23] The bankruptcy court will hold an evidentiary hearing on February 22, 2022 to determine the quantum, if any, of the sanctions to be assessed against Klein and Heisler.

On April 8, 2021, Heisler filed this action against Girod LoanCo, Girod REO, Sheriff Joseph Lopinto, and others.[24] The complaint, which contains two claims for relief, seeks relief on grounds that were unsuccessful in the executory process foreclosure action outlined above, as well as in other actions.[25] Specifically, Count 1 of Plaintiff's complaint seeks a "clawing back," of 4041 Williams by setting aside or annulling the October 9, 2019, Sheriff sale to REO.[26] Count 2 seeks damages for the alleged wrongful seizure and sale of 4041 Williams.[27] On July 14, 2021, Girod filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6).[28] Girod argued that Counts 1 and 2 were barred by prescription.[29] On August 27, 2021, the Court granted Girod's motion to dismiss,

---

[21] The concursus proceeding, styled *Charles Schwab & Co., Inc. v. Girod LoanCo, LLC and Regina B. Heisler*, 2018-4693 "N", Civil District Court for the Parish of Orleans, State of Louisiana, was initiated by Charles Schwab & Co., Inc., who named Heisler and LoanCo as defendants. The subject of the concursus proceeding are funds held in a Schwab account which were pledged as security for a promissory note Heisler executed in favor of FNBC. The note and security agreement were assigned to LoanCo.

[22] *In re Regina B. Heisler*, R. Doc. 425, Case No. 20-bk-11509 (Oct. 19, 2021 Bankr. E.D. La.).

[23] *Id.* at R. Doc. 456 (Nov. 9, 2021 Bankr. E.D. La.).

[24] R. Doc. 1.

[25] *Id.*

[26] *Id.* at p. 17.

[27] *Id.* at p. 18.

[28] R. Doc. 43.

[29] *See id.*

finding that Count I was foreclosed by La. R.S. § 13:4112, and that Count II was prescribed.[30]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 11 provides, in pertinent part,

(b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

. . .

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

. . .

(c)(1) If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.[31]

The purpose of Rule 11 is to deter baseless filings in the district court, and to spare innocent litigants and overburdened courts from the filing of frivolous lawsuits.[32] The United States Fifth Circuit Court of Appeals has interpreted Rule 11 to impose three affirmative duties, which an attorney or litigant, by signing a pleading, written motion, or other paper, certifies he has complied with: (1) the duty to conduct a reasonable investigation into the facts supporting the document; (2) the duty to conduct a reasonable

---

[30] *See* R. Doc. 76.
[31] Fed. R. Civ. Proc. 11.
[32] *Cotter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990).

inquiry into the law to ensure the document "embodies existing legal principles or a good faith argument for extension, modification or reversal of existing law"; and (3) the duty to certify that a document is not filed or interposed merely for purposes of delay, harassment, or increasing litigation costs.[33] Courts judge compliance with Rule 11's standards under an objective reasonableness standard, evaluating the circumstances as they existed at the time the challenged filing was signed by the lawyer or litigant.[34] In light of the objective standard of reasonableness applied under Rule 11, an attorney's subjective good faith is not enough to immunize him from sanctions based on a Rule 11 violation.[35] In deciding a motion under Rule 11, courts within the Fifth Circuit are required to determine whether the signatory has complied with the affirmative duties imposed under the rule.[36] District courts have wide latitude to impose sanctions under Rule 11 as district court rulings under Rule 11 are reviewed for abuse of discretion.[37] District courts possess discretion in determining the nature of the appropriate sanction.[38]

## LAW AND ANALYSIS

In its memorandum supporting its motion for monetary sanctions against Klein, Girod alleges "[t]he claims and factual allegations asserted by Klein (allegedly on Heisler's behalf) are false, lack evidentiary and legal support, are barred by federal law, and have been repeatedly denied by state and federal courts."[39] Girod argues the Complaint violates Rule 11(b)(2) because it contains claims and legal contentions not warranted by existing law or by nonfrivolous arguments for modifying or extending existing law, allegedly rising

---

[33] *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1019, 1023–24 (5th Cir. 1994).
[34] *Id.* at 1024.
[35] *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988).
[36] *Id.* at 875.
[37] *Whitehead v. Food Max of Miss.*, Inc., 332 F.3d 796, 802 (5th Cir. 2003).
[38] *Thomas*, 836 F.2d at 876, 877.
[39] R. Doc. 35-1 at p. 1.

to the level of contradicting existing law.[40] Girod argues the Complaint violates Rule 11(b)(3) because it contains factual allegations that lack evidentiary support, and which are allegedly false and known by Klein and Heisler to be false.[41]

## I.   **The Court finds that Henry Klein violated Rule 11(b)(3).**

In its motion for sanctions, Girod argues Klein violated Rule 11(b)(3) by making factual allegations in the complaint that lack evidentiary support.[42] Girod asserts "[w]hen Klein signed the complaint, he knew that the factual allegations in the complaint did not have evidentiary support, and were not likely to have evidentiary support after further investigation."[43] Girod further asserts Klein knew material factual allegations in the complaint were false, and were contradicted by public records provided to Klein and Heisler.[44] Specifically, Girod asserts the factual allegations in the complaint that REO did not exist at the time of the October 9, 2019 sheriff's sale of 4041 Williams was false, was known by Klein to be false, and could have readily been discovered to be false by Klein had he conducted a reasonable factual investigation into the date of REO's formation.[45]

In the first request for relief prayed for in the complaint, Heisler seeks the "Clawing Back [of] the Kenner Shopping Center," located at 4041 Williams.[46] Klein, as Heisler's attorney, makes allegations that REO, the buyer, did not exist at the time of the Sheriff's sale of 4041 Williams. Specifically, the complaint alleges "fraud in connection with the October 9, 2019 auction to REO, a vulture (sic) created by KEAN-MILLER after the fact," and that Sheriff Lopinto of Jefferson Parish "illegally caused a proces verbal deed to be

---

[40] R. Doc. 35 at p. 1.
[41] *Id.* at p. 1.
[42] R. Doc. 35-1 at p. 9.
[43] *Id.* at pp. 9–10.
[44] *Id.* at p. 10.
[45] *Id.* at pp. 9–11.
[46] R. Doc. 1 at p. 17.

executed" and recorded in the public records "on October 26, 2019, in favor of REO, which did not exist at the time."[47] The complaint also alleges REO "is a Delaware Limited Liability Company created on November 25, 2019 in Delaware and qualified in Louisiana on November 26, 2019 after it was deeded 4041 Williams Boulevard . . . on October 25, 2019, backdated to October 9, 2019."[48]

Attached to Girod's motion for sanctions are (1) a certificate of amendment from the Delaware Secretary of State,[49] and (2) a snapshot of search results from the Delaware Secretary of State's free online business search engine.[50] The search engine results indisputably show that TAO Delaware 2017 SC V, LLC was formed on April 7, 2017, as a Delaware limited liability company.[51] The certificate of amendment indisputably shows that on November 7, 2017, the Delaware Secretary of State executed a certificate of amendment, changing the name of the limited liability company from 'TAO Delaware 2017 SC V, LLC' to 'Girod REO, LLC.'[52] It is clear the factual assertion in the complaint that REO did not exist on the date of the October 9, 2019, sheriff's sale is objectively false. The issue is whether this incorrect factual assertion exposes Klein to monetary sanctions under Rule 11(b)(3).

The Fifth Circuit has developed a series of factors to help determine whether an attorney has made an investigation into the facts sufficient to satisfy the duty imposed under Rule 11 (b)(3).[53] The factors are:

1.  the time available to the signer for investigation;

---

[47] *Id.*
[48] *Id.* at p. 4.
[49]  R. Doc. 35-14 at pp. 17–18.
[50] R. Doc. 35-13.
[51] *Id.*
[52] R. Doc. 35-14 at pp. 17–18.
[53] *See Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018 (5th Cir. 1994).

2. the extent of the attorney's reliance upon his client for the factual support for the document;
3. the feasibility of pre-filing investigation;
4. whether the signing attorney accepted the case from another member of the bar or forwarding attorney;
5. the complexity of the factual and legal issues; and
6. the extent to which development of the factual circumstances underlying the claim requires discovery.[54]

The Court will apply the six factors to determine whether Klein complied with his obligation under Rule 11(b)(3) to make a reasonable inquiry into the supporting facts before signing a complaint alleging that REO did not exist in October 2019.

The sheriff's sale of 4041 Williams to REO occurred on October 9, 2019, and the deed thereafter was recorded in the Louisiana public records.[55] The complaint in this action was filed and signed by Klein on or about April 8, 2021.[56] Klein had nearly 18 months to investigate the date of REO's formation. The Court therefore finds that Klein had ample time to investigate REO's formation date prior to filing the complaint.

Klein has not asserted that he relied on Heisler to develop the information relating REO's date of formation. Klein specifically refers to Heisler as a woman who is "78 and has been diagnosed with cancer,"[57] and has repeatedly referred to Heisler as "a widow with no business acumen" in filings to various state and federal courts.[58]

Klein could have easily and conveniently conducted a pre-filing investigation into REO's date of formation. This information is readily available through a free search engine on the Delaware Secretary of State's website. Furthermore, as discussed below, prior to the filing of this action, Girod directly provided Klein with public records from

---

[54] *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1026 (5th Cir. 1994).
[55] *See* R. Doc. 35-6.
[56] R. Doc. 1.
[57] *Id.* at p. 7.
[58] R. Doc. 35-21.

the Delaware Secretary of State showing that REO's date of formation predated the October 9, 2019 sheriff's sale.[59] It is indisputable that a pre-filing investigation into REO's formation date was feasible.

In the complaint, Klein states he is "the attorney appointed in the Last Will and Testament of Frederick P. Heisler," who died in 2007.[60] In the opposition to the motion for sanctions, Klein states he has represented the Heisler family for 40 years.[61] Evidently, Klein has been involved in the Heisler legal matters for quite some time, and Klein has not asserted he accepted this case from another attorney.

Klein also made the same incorrect factual assertion about REO's formation date in an application for writs filed with the Fourth Circuit Court of Appeal for the State of Louisiana, on or about January 27, 2020.[62] Klein *should* have made ample investigation into the facts prior to that filing. Further, Klein made this same factual assertion in a motion to vacate oral order, filed with the bankruptcy court for the Eastern District of Louisiana on March 2, 2021.[63] On March 17, 2021, LoanCo filed an opposition to Klein's motion to vacate oral order in the bankruptcy action.[64] In its opposition to the motion to vacate oral order, LoanCo argued the factual assertion that REO did not exist on the date of the October 9, 2019 sheriff's sale was false.[65] LoanCo attached the certificate of amendment signed by the Delaware Secretary of State to its March 17, 2021 opposition to the motion to vacate oral order.[66] Therefore, Klein should have known the truth about

---

[59] *See In re Regina B. Heisler*, R. Doc. 257–3, Case No. 20-bk-11509 (Bankr. E.D. La.)
[60] R. Doc. 1.
[61] R. Doc. 42 at p. 10.
[62] *See* R. Doc. 35-10.
[63] *See In re Regina B. Heisler*, R. Doc. 227, Case No. 20-bk-11509 (Bankr. E.D. La.).
[64] *Id*. at R. Doc. 257.
[65] *Id*.
[66] *Id*. at R. Doc. 257-3.

REO's date of formation at the very latest on March 17, 2021, because LoanCo provided proof directly to him on that date.

Girod REO's formation date is not a complex fact. Moreover, it is a fact which was easily discoverable through the Delaware Secretary of State's website, and through filings provided directly to Klein by counsel for Girod, showing REO's date of formation and date of name change.[67] Thus, this factual issue did not require development through discovery.

Had Klein undertaken a reasonable investigation using the Delaware Secretary of State's website, or had he consulted the materials provided to him by Girod, he would have quickly discovered the fact that REO existed prior to the date of the October 9, 2019 sheriff's sale. As his application for a writ to the Louisiana Fourth Circuit demonstrates, Klein is capable of conducting an online search for legal entities—he specifically conducted such a search for information on LoanCo.[68] Further, Had Klein read LoanCo's March 17, 2021 opposition[69] to the motion to vacate oral order in the bankruptcy proceeding, he would have discovered the truth about REO's formation date.

Each of the six factors listed above leads to the conclusion that Klein failed to satisfy his duty under Rule 11(b)(3). The Courts finds Klein did not avail himself of the opportunity to investigate REO's formation date, and that Klein failed to conduct a reasonable inquiry to determine the truth about REO's formation date. As such, the Court will sanction Klein under Rule 11(b)(3) for failing to make a reasonable investigation into the facts, and for making factual assertions he knew, either actually or constructively, to be false.[70]

---

[67] *See* R. Doc. 35-14.
[68] *See* R. Doc. 35-10 at p. 10.
[69] *See In re Regina B. Heisler*, R. Doc. 257, Case No. 20-bk-11509 (Bankr. E.D. La.).
[70] The Court also finds Klein violated Rule 11(b)(2) by repeating, in the complaint filed in this Court, the argument that LoanCo has no right to collect on the notes and mortgages assigned to it by the FDIC because

## II.   **The constitutional and statutory prerequisites to the imposition of sanctions are satisfied in this case.**

First, the Court notes that Rule 11 sanction decisions must comport with due process.[71] The Court must ensure that notice and an opportunity to be heard have been afforded before Rule 11 sanctions may be imposed.[72] The requirement of an opportunity to be heard is generally satisfied by "[s]imply giving the individual accused of a Rule 11 violation a chance to respond through the submission of a brief."[73] Due process concerns are satisfied in this case because Klein was afforded notice and an opportunity to respond. Girod filed its motion for sanctions on June 22, 2021.[74] Klein submitted an opposition on June 29, 2021.[75]

Second, Rule 11(c)(2) requires that a party serve a motion for sanctions on the opposing party at least 21 days before it is filed with the district court.[76] "If, and only if, the 'challenged paper, claim, defense, contention, or denial' is not 'withdrawn or

---

LoanCo did not register to do business in Louisiana (the "no registry" argument). *See* R. Doc. 1 at p. 3, 7–8. Klein has presented this argument to several courts, and each time, the argument has been rejected. The Louisiana Fifth Circuit Court of Appeal, in denying Heisler's request for supervisory writs, stated that "Girod has standing to proceed in this court pursuant to La. R.S. 12:1343, which allows a foreign limited liability company to secure or collect debts or enforce any rights in property securing the debts without obtaining a certificate of authority from the secretary of state. La. 12:1343(7)." *Regina B. Heisler, individually and as Succession Representative/Executrix of the Succession of Federick P. Heisler v. Girod LoanCo, LLC*, 20-C-56 (La.App. 5 Cir. 3/5/20). Heisler filed an application for rehearing, asking the Louisiana Fifth Circuit Court of Appeal to reconsider its March 5, 2020 finding that LoanCo has standing to file claims in the state of Louisiana. In denying Heisler's application for rehearing, the Lousiana Fifth Circuit Court of Appeal gave a thorough explanation as to why the no registry argument lacks merit and is misplaced. *See Regina B. Heisler, individually and as Succession Representative/Executrix of the Succession of Federick P. Heisler v. Girod LoanCo, LLC*, 20-C-56 (La.App. 5 Cir. 6/17/20). This Court finds that the no registry argument is completely frivolous, and that Klein's decision to re-urge the no registry argument in this Court is wholly indefensible, unreasonable, and inconsistent with his obligations under Rule 11(b)(2).

[71] *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1027 (5th Cir. 1994); *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 399, 349 (5th Cir. 1990).

[72] *Childs*, 29 F. 3d at 1027 (citing *Bodie v. Connecticut*, 401 U.S. 371, 379 (1971), and *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197 (5th Cir. 1989)).

[73] *Id.* (citing *Spiller*, 919 F.2d at 347).

[74] R. Doc. 22.

[75] R. Doc. 42.

[76] Fed. R. Civ. P. 11(c)(2).

appropriately corrected' within the 21-day period may the motion then be filed" or presented to the court.[77] On May 26, 2021, Girod mailed Klein a Rule 11 letter, setting forth, in detail, what Girod considered to be Rule 11 violations.[78] In its Rule 11 letter, Girod warns Klein that if he does not dismiss the Complaint with prejudice "within twenty-one (21) days of the date of this letter Girod will seek relief against you and your client as detailed in the enclosed draft Rule 11 Motion for Sanctions."[79] Girod did not file its motion for sanctions until nearly four weeks after the date of the letter. Klein did not withdraw or amend the complaint within that time. The Court therefore finds that Girod complied with the requirements of Rule 11(c)(2).

Having described the conduct that violates Rule 11, and having found that the constitutional and statutory prerequisites are satisfied, the issue now becomes what is an appropriate sanction in this case. Once a violation of Rule 11 has been found, the district court is vested with considerable discretion in tailoring an appropriate sanction to further the purposes of Rule 11—namely, punishment, deterrence, and compensation.[80] Rule 11's primary purpose is deterrence.[81] The Fifth Circuit has instructed district courts to impose the least severe sanction in pursuit of the purposes of Rule 11.[82] Rule 11(c)(4) "expressly allows a district court to impose monetary sanctions payable to the court."[83] The Advisory Committee Notes to the 1993 amendments to Rule 11 provide that "[s]ince the purpose of

---

[77] *Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016) (quoting Fed. R. Civ. P. 11(c)(2)).
[78] R. Doc. 35-3.
[79] R. Doc. 35-3 at p. 4.
[80] *Am. Airlines, Inc. v. Allied Pilots Assoc.*, 968 F.2d 523, 533 (5th Cir. 1992).
[81] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990*); see also Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533 (1991); *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 881 (5th Cir. 1988); *Raylon LLC v. Complus Data Innovations, Co.*, No. 6:09-CV-355, 2015 WL 11121530, at *4 (E.D. Tex. May 4, 2015).
[82] *Id.*
[83] *Carr v. Cap. One, N.A.*, 460 F. App'x 461, 468 (5th Cir. 2012).

Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary penalty is imposed, it should ordinarily be paid into court as a penalty."[84]

The Court finds that a penalty of $3,000 to be paid by Henry Klein into the registry of the Court is a sanction sufficient to effectuate the purposes of Rule 11.[85]  This amount shall be made payable to the Clerk of Court for the United State District Court, Eastern District of Louisiana. The Court recognizes that this is a small amount in light of the funds Girod has unfortunately had to expend in defending this case. Nevertheless, the Court concludes the imposition of a $3,000 penalty on Henry Klein, payable to the Court, is the least severe sanction that will advance the purpose of deterring Henry Klein and others from engaging in similar conduct found sanctionable in this case.

**CONCLUSION**

**IT IS HEREBY ORDERED** that Girod's motion for sanctions[86] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Henry Klein shall pay $3,000 to the Clerk of Court for the United States District Court for the Eastern District of Louisiana, on or before **January 31, 2022.**

**New Orleans, Louisiana, this 15th day of December, 2021.**

_Susie Morgan_
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[84] Rule 11 Advisory Committee Notes, 1993 Amendments.
[85] *See Reynolds v. U.S. Capitol Police Bd.,* 357 F. Supp. 2d 19, 26 (D.D.C. 2004).
[86] R. Doc. 35.